UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARTH PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEYNARD DESIGNS, INC., a Massachusetts corporation, and EARTH VISIONS INC., a Massachusetts corporation,<br><br>Defendants. | No. C05-1326Z<br><br>ORDER |

This matter comes before the Court on Defendant Meynard Designs, Inc.'s ("Meynard") Motion to Dismiss, Transfer or Stay, docket no. 11. Having considered the parties' original and supplemental briefs, declarations, and exhibits thereto, the Court GRANTS the motion and transfers the case to the United States District Court for the District of Massachusetts, where a related case is pending. See Wolf Decl., docket no. 13, Ex. J (Mass. Compl., Meynard Designs, Inc. et al. v. Earth Products, Inc., Case No. 05-cv-11781NMG).

Meynard is a Massachusetts corporation with its principal place of business in Waltham, Massachusetts. P. Meynard Decl., docket no. 12, ¶ 2. Plaintiff Earth Products, Inc. ("Earth Products") has not met its burden of establishing that the Court has personal jurisdiction over Meynard. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

ORDER 1–

1    Earth Products' arguments in support of specific jurisdiction are unpersuasive.  First,
2 because Planet Shoes, Inc. is a separate corporate entity from Meynard, see Second P.
3 Meynard Decl., docket no. 27, ¶¶ 3, 5-6, the activities of Planet Shoes, Inc., including its
4 www.planetshoes.com website, cannot form the basis for this Court's exercise of personal
5 jurisdiction over Meynard.  Second, the "effects test" for purposeful availment, first
6 announced by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), does not apply
7 here because Meynard's alleged trademark infringement constitutes wrongful conduct
8 targeted at Earth Products, a known California resident, see Am. Compl., docket no. 37, ¶ 1,
9 not a known Washington resident.  See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223
10 F.3d 1082, 1087 (9th Cir. 2000); 28 U.S.C. § 1391(c) (limiting venue statute's definition of
11 residency "[f]or purposes of venue under this chapter").  Third, Earth Visions is a separate
12 corporate entity from Meynard.  See P. Meynard Decl. ¶ 5; Topper Decl., docket no. 53, ¶ 5,
13 Ex. D.  Even though Earth Visions licenses the EARTH mark from Meynard for use on
14 products, see P. Meynard Decl. ¶ 5 and Third P. Meynard Decl., docket no. 54, ¶ 4, Ex. B,
15 Earth Visions' sales activity in Washington is not attributable to Meynard for purposes of
16 personal jurisdiction.  See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d
17 1355, 1361 (Fed. Cir. 1998).
18    Even assuming that Meynard "purposefully availed" itself of the Washington forum
19 through its sales of footwear in Washington, Earth Products' allegations of trademark
20 infringement stem from Meynard's alleged use of the EARTH mark in connection with the
21 sale of clothing, not footwear.  See Am. Compl. ¶¶ 17-22.  Accordingly, Earth Products has
22 failed to demonstrate that Meynard's contacts with Washington are sufficient to establish
23 jurisdiction under the three-prong test for specific jurisdiction.  See Schwarzenegger, 374
24 F.3d at 802.
25    Earth Products' arguments in support of general jurisdiction are equally unpersuasive.
26 First, the isolated business trips of Phillipe Meynard, Meynard's President, and David Jonah,

ORDER  2–

1  Meynard's former sales manager, do not constitute "substantial" or "continuous and
2  systematic" contacts that approximate a physical presence in Washington.  See Omeluk v.
3  Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995); Gates Learjet Corp. v.
4  Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984).  Second, Meynard's sales of approximately
5  $300,000 worth of EARTH brand shoes between 2001 and December 2004 in Washington,
6  and its concurrent marketing activities in Washington, cannot be said to be continuous given
7  that Meynard has not sold or advertised any products since January 1, 2005.  See Caditz
8  Decl., docket no. 50, Ex. 2 (P. Meynard Dep.) at 89:10-20, 92:1-14; Ex. 5; P. Meynard Decl.
9  ¶ 4.  Third, Earth Products has failed to demonstrate that Meynard's design, licensing and
10 buying agent services for Wal-Mart meet the high standard for general jurisdiction.  See
11 Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).  Lastly, as previously noted,
12 Earth Visions' sales activity in Washington is not attributable to Meynard.  Overall, Meynard
13 did not engage in "continuous and systematic general business contacts," Helicopteros
14 Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) (citing Perkins v. Benguet
15 Consol. Mining Co., 342 U.S. 437, 445 (1952)), that "approximate physical presence" in
16 Washington.  See Bancroft & Masters, 223 F.3d at 1086.

17       Venue is improper under 28 U.S.C. § 1391(b)(1) and (c) because Meynard is not
18 subject to personal jurisdiction in the Western District of Washington.  Venue is improper
19 under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim
20 did not occur in the Western District of Washington.  The March 11, 2004 letter from Mr.
21 Meynard to a Washington retailer constitutes the only evidence regarding Meynard's use of
22 the allegedly infringing trademark in Washington.  Caditz Decl., Ex. 2 (P. Meynard Dep.) at
23 150:9-15; Ex. 10.  This single marketing act in Washington stands in contrast to Meynard's
24 continuous licensing of the allegedly infringing mark in Massachusetts.  Venue is improper
25 under 29 U.S.C. § 1391(b)(3) because there is another district in which the action may be
26 brought, namely the District of Massachusetts.

ORDER  3–

Because Earth Products has commenced this action in a district where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court lacking both personal jurisdiction and proper venue can transfer the action under 28 U.S.C. § 1406(a) to a district where both defects are avoided. <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962). The Court hereby transfers the case to the United States District Court for the District of Massachusetts.[1]

IT IS SO ORDERED.

DATED this 31st day of July, 2006.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

---

[1] The Court notes that if it had jurisdiction and if venue was proper, the Court would grant Meynard's alternative motion to transfer the case to Massachusetts for the convenience of the parties and witnesses under 28 U.S.C. §1404(a).

ORDER 4–